UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR HARRY DUBOIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SCOTT BURNHEIMER, et als., )<br>)<br>Defendants ) | Civil No. 1:13-cv-00200-JAW |

**RECOMMENDED DECISION**

Arthur Harry DuBois filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, against Scott Burnheimer, who was the Superintendent of the Maine Correctional Center when DuBois was there as a prisoner, as well as prison staff members Bert Jalbert[1] and Darrell Watson. (Complaint, ECF No. 1.)  DuBois alleges physical and verbal abuse by Watson and supervisor liability against the other defendants.  The defendants have filed a dispositive motion, requesting either dismissal of the claim or summary judgment.  (Motion, ECF No. 9.)  They argue that DuBois has failed to state a claim and failed to exhaust available administrative remedies.  I recommend that the court grant the defendants' motion.

**FACTS**

DuBois alleges that between March and May 2009, defendant Watson, who he alleges was the wood shop supervisor at the Maine Correctional Center, stomped on DuBois's feet, blew sawdust in DuBois's face, put a seal coat on his finger and stuck it in DuBois's ear, poked DuBois in the back with a wooden stake, and verbally abused DuBois.  (Complaint at 3.)

---

[1] DuBois spells the name Jalbert differently in his complaint and motion.  Although the docket continues to reflect the spelling DuBois used, I assume that the defendants' reply spells it correctly and I use that here.

DuBois alleges that defendants Burnheimer and Jalbert were responsible as supervisors of Watson.  (Complaint at 3.)  DuBois seeks compensation for emotional distress.  (Complaint at 3.)  In his opposition to the defendants' motion, he also asserts that he lost his ability to work for wages at the Maine Correctional Center because he was transferred to the Cumberland County Jail.  (Opposition at 4, ECF Nos. 12, 13.)  He alleges that he was told not to bring up the matter of his harassment before he was transferred.  (Opposition at 3.)

The defendants filed a combined motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and motion for summary judgment, pursuant to Fed. R. Civ. P. 56, arguing that (1) DuBois's claim is barred by his failure to exhaust administrative remedies because he failed to take his complaint through the third and final level of the grievance procedure within the Maine Correctional Center before bringing this lawsuit; (2) DuBois fails to state a claim for physical abuse because he does not allege any physical injury; and (3) DuBois's claim for verbal abuse is not recognized in the law as a cause of action.

DuBois filed an opposition to the motion.  In substance, he admits that he did not exhaust the administrative remedies available to him.  (Opposition at 1-2.)  He argues that he was not required to take his complaint through the final level of the Maine Correctional Center grievance process because Watson was investigated and subsequently fired from his position there.  (Opposition at 1-3.)  DuBois did not address the defendants' other assertions, i.e., that there was no physical injury and verbal abuse is not actionable.

The defendants argue in their reply that DuBois's opposition fails to comply with the procedural requirements of Rule 56 for summary judgment, it fails to address any of the issues raised in the defendants' motion except exhaustion of administrative remedies, and the defendants are entitled to judgment as a matter of law.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court reviews the factual record in the light most favorable to the non-moving party. Hannon v. Beard, 645 F.3d 45, 47-48 (1st Cir. 2011). However, if the non-moving party fails to support his or her claims, those claims are subject to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986) (noting that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses").

In the context of prisoner litigation in this district, special care must be taken with a prisoner's pro se filings in opposition to a motion for summary judgment. See Clarke v. Blais, 473 F. Supp. 2d 124, 128-29 (D. Me. 2007). However, a prisoner acting pro se, like any other non-moving party faced with a motion for summary judgment, must show that there is a genuine issue of material fact for trial in order to get beyond the summary judgment stage of the litigation. See Demmons v. Tritch, 484 F. Supp. 2d 177, 182-84 & n. 8 (D. Me. 2007) (noting that "[i]t is well-settled in this Circuit that a pro se litigant is not exempt from compliance with procedural rules," and that "the primary purpose for summary judgment . . . is to allow the court to go beyond the allegations in the complaint to determine whether there is truly a genuine issue of material fact").

**DISCUSSION**

I treat the defendants' motion as one for summary judgment rather than dismissal of the complaint because they have filed, in support of their statement of facts, affidavits addressing the issue of exhaustion of administrative remedies. See Fed. R. Civ. P. 12(d); Rivera v. Centro

Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).  Although the defendants argue in their reply that their summary judgment motion should be granted on procedural grounds because DuBois failed to follow correct summary judgment procedure under Fed. R. Civ. P. 56, I conclude that the motion can and should be decided on the merits.  There is no genuine issue of material fact lurking in DuBois's opposition to the summary judgment motion.  DuBois misnamed his opposition a "motion" and "amended complaint," and he did not file a proper statement of facts as required pursuant to Rule 56.  (Opposition at 1.)  His filing has been docketed as a response in opposition to the summary judgment motion.  I denied DuBois's filing to the extent it was filed as a motion to amend the complaint, but I included in the order that if DuBois sought to amend the complaint, he could file a motion to amend accompanied by a proposed amended complaint.  (ECF No. 14.)  He has now had time to file a motion to amend the complaint, but he has not filed one.

DuBois may not have complied with Rule 56, but even if I overlook that, the substantive content of his opposition to the motion reveals no viable claim.  DuBois concedes the fact that he did not exhaust his administrative remedies.  Instead, he argues that he should not have been required to do so.  DuBois does not address the other two issues raised in the defendants' motion, namely the lack of a physical injury and the lack of any legal basis for his claim for verbal abuse.

The Prison Litigation Reform Act bars claims that are not first exhausted, i.e., fully addressed, through the prison's administrative processes.  42 U.S.C. § 1997e(a).  Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to claims regarding prison conditions, including claims that corrections officers used excessive force. Cruz Beríos v. González–Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002)). It is the defendants' burden to plead exhaustion as an affirmative defense. Id. Because DuBois concedes that he did not take his grievance fully through the prison administrative process, the defendants have met their burden. It is not clear whether DuBois attempts to include a claim for a retaliatory transfer, but if he does, that claim fails as well because an allegation of retaliatory transfer must also go through the prison grievance process before it may be brought in federal court. See Brown v. U.S. Justice Dep't, 271 Fed. App'x 142, 145-46 (3d Cir. 2008) (holding that a prisoner's failure to exhaust administrative remedies for a retaliatory transfer precluded suit on the claim in federal court).

DuBois's claims are not only precluded by his failure to exhaust administrative remedies; they also suffer from a more fundamental defect, which is that there is no cause of action for either lost wages due to a transfer or for emotional distress from verbal abuse. A prisoner does not generally have a constitutional due process interest in whether or not he is transferred to another correctional facility. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Gonzáles-Fuentes v. Molina, 607 F.3d 864, 887 (1st Cir. 2010) (noting that the Constitution does not "'guarantee that the convicted prisoner will be placed in any particular prison'" (quoting Meachum v. Fano, 427 U.S. 215, 224 (1976)). DuBois has alleged no facts that would give rise to any constitutional claim arising out of his transfer. DuBois's claim for damages for emotional distress is also precluded. The Prison Litigation Reform Act provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e). There is no dispute that DuBois has not alleged a physical injury, and therefore his claim for emotional distress due to verbal abuse fails pursuant to section 1997e(e).

There is no liability under 42 U.S.C. § 1983. Section 1983 imposes liability upon any person who, among other things, subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because the claims are not actionable, DuBois has not been subjected to any deprivation of rights under either the Constitution or any other law. Even if DuBois had been subjected to a legally recognized deprivation, he would have no claim against Burnheimer or Jalbert based on a theory of supervisor liability, given that there were no allegations of any personal supervisory involvement by either of them. See Marrero-Rodríguez v. Mun. of San Juan, 677 F.3d 497, 503 (1st Cir. 2012).

The defendants are entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, I recommend that the court grant the defendants' motion.

### Notice

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 12, 2013                                /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge

6